UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAVONTAE WRIGHT,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.                              Case No.: 8:20-cv-985-T-33CPT

AR RESOURCES, INC.,
PREMIUM ASSET RECOVERY CORP.,
and JOHN DOES 1-25,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Premium Asset Recovery Corporation ("PARC") on August 21, 2020, (Doc. # 45) and the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant AR Resources, Inc. ("ARR") on August 28, 2020, (Doc. # 46). Plaintiff Javontae Wright responded on September 25, 2020. (Doc. ## 54, 55). For the reasons given below, PARC and ARR's Motions are granted.

**I.    Background**

At some time prior to May 8, 2019, Wright allegedly incurred a debt to "the EMA of Tampa Bay – St. Joes North." (Doc. # 1 at ¶ 23). PARC, an alleged debt collector under the

1

Fair Debt Collection Practices Act ("FDCPA"), currently owns this debt. (Id. at ¶ 27). PARC contracted with ARR, also an alleged debt collector, to collect the debt. (Id.).

On May 8, 2019, ARR allegedly sent Wright a collection letter stating the balance of the debt, explaining that the debt had been sold to PARC, and informing Wright that ARR had been contracted to collect the outstanding balance. (Doc. # 1-1). Wright filed a complaint on April 29, 2020, claiming this letter violated Section 1692e (Count I) and Section 1692g (Count II) of FDCPA. (Doc. # 1 at ¶¶ 43-52). Wright also purported to bring these claims as a class action pursuant to Federal Rule of Civil Procedure 23. (Id. at ¶¶ 13-14).

PARC and ARR moved to dismiss the Complaint (Doc. ## 9, 12), which the Court granted on July 31, 2020. (Doc. # 43). The Court dismissed Count I without prejudice and with leave to amend, and Count II with prejudice. (Id. at 17, 26-27).

Wright subsequently filed an amended complaint on August 14, 2020. (Doc. # 44). In the amended complaint, Wright alleges that the May 8th letter is deceptive or misleading in violation of Section 1692(e) of FDCPA for two reasons.

First, Wright argues the letter is deceptive because it states: "Please be advised that our client is a credit reporting client. Your credit report may have a negative

2

impact if we do not hear from you." (Id. at ¶ 34). According to Wright, this "impl[ies] that the entity that would be reporting to the credit bureaus would be Defendant [PARC]." (Id. at ¶ 35). But "in actuality . . . ARR is reporting the debt instead." (Id. at ¶¶ 39-40).

Second, Wright alleges the letter is deceptive because it "states a balance of $984.00, while the balance being reported to the credit bureaus is $936.00." (Id. at ¶ 41). Wright argues, "By having an incorrect balance on either the letter or the credit report, makes it is impossible for [Wright] to know what amount is owed, and to verify that it is in fact the same debt." (Id. at ¶ 42).

Both PARC and ARR moved to dismiss the amended complaint (Doc. ## 45, 46), and Wright responded. (Doc. ## 54, 55). Neither of the Motions, nor Wright's responses, address the issue of standing. However, since the Eleventh Circuit has recently addressed standing in FDCPA cases in Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990 (11th Cir. 2020), the Court felt standing to be a pivotal issue. (Doc. # 64). The Court accordingly scheduled a hearing on the Motions and directed all parties to come prepared to address the matter of standing. (Doc. # 56).

Wright's counsel moved to continue the hearing for health reasons (Doc. # 58), prompting the Court to cancel the hearing and instead direct all parties to file supplemental briefs addressing standing. (Doc. # 59). All parties have now briefed the issue of standing (Doc. ## 62, 63, 66) and the Motions are ripe for review.

## II. Legal Standard

"Article III standing requires a concrete injury even in the context of a statutory violation." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016). Where the jurisdictional attack is based on the face of the pleadings, the Court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

## III. Analysis

In their briefs, both PARC and ARR mount a facial attack, therefore the Court looks to determine whether Wright has sufficiently alleged a basis of subject matter jurisdiction. Id. Wright's allegations in the amended complaint are thus taken as true for purposes of the Motions.

An allegation of FDCPA violations, without more, is insufficient to establish standing. See Hill v. Resurgent Capital Servs., L.P., No. 20-20563-CIV, 2020 WL 4429254, at *4 (S.D. Fla. July 31, 2020) ("But mere violation, without a showing of a concrete and particularized injury, is insufficient to convey standing."). The Eleventh Circuit recently examined standing in the FDCPA context in Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990 (11th Cir. 2020). The plaintiffs in Trichell alleged they received misleading letters in violation of FDCPA, but failed to allege any harms that arose from receipt of those letters. Id. at 998. The Eleventh Circuit held that

> [b]y jettisoning the bedrock elements of reliance and damages, the plaintiffs assert claims with no relationship to harms traditionally remediable in American or English courts. This cuts against Article III standing, for the purpose of that doctrine is to confine courts to their "traditional role."

Id. The Eleventh Circuit concluded that neither plaintiff "suffered an injury in fact when they received allegedly misleading communications that did not mislead them," therefore neither had standing. Id. at 1005.

Wright attempts to distinguish the instant action from Trichell, arguing that his amended complaint establishes

5

damages and justifiable reliance. (Doc. # 63 at 4). Specifically, Wright states:

> Even if not considered pled explicitly, it is at minimum inferred from the Complaint that [Wright] was caused to waste time because of Defendant's actions. [Wright] alleges potential double reporting of one account and an incorrect balance amount, both claims which would need time and energy to sift through possible deception and uncertainty, including seeking a lawyer to help understand his consumer rights.

(Id.). Wright contends that his injuries were "particular to him in that he alleged he was specifically deceived and confused by the dunning letter." (Id.).

The Court disagrees. Nowhere in his amended complaint does Wright allege that he was personally harmed by the allegedly confusing letter. Nor can such harm be "inferred," because Wright couches all potential harm as hypothetical. Wright states that the letter "**would** certainly confuse and mislead the Plaintiff," but not that he was misled. (Doc. # 44 at ¶ 39) (emphasis added). Wright alleges that "if" PARC were to report the debt, it "**would** constitute a double-reporting." (Id. at ¶ 40) (emphasis added). But Wright does not allege that PARC and ARR did in fact double report his debt (or even intended to), that he believed it was going to be double reported, or that he took any action in response to this belief. Lastly, Wright contends that "[b]y having an

6

incorrect balance on either the letter or the credit report, makes it is impossible for [him] to know what amount is owed, and to verify that it is in fact the same debt." (Id. at ¶ 42). But Wright fails to allege that **he** tried to verify this debt and was unable to do so, or that the inability to verify led to any tangible harm.

Wright's amended complaint thus focuses on how a hypothetical reader could have been harmed by the May 8th letter, but fails to show how Wright himself was harmed. Like the plaintiffs in Trichell, Wright alleges receipt of misleading information without a claim of concrete "downstream consequences" from receipt of that information. Trichell, 964 F.3d at 1004. Such conjectural harms "cannot satisfy Article III." Id.; see also Cooper v. Atl. Credit & Fin. Inc., 822 F. App'x 951, 954 (11th Cir. 2020) (holding that confusion over a collection letter, without more, is "insufficient to confer standing"). Thus, under Eleventh Circuit precedent, Wright has not established any particularized injury and the case must be dismissed without prejudice for lack of standing. Cooper, 822 F. App'x at 954.

7

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Premium Asset Recovery Corporation's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 45) is **GRANTED.**

(2) Defendant AR Resources, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 46) is **GRANTED.**

(3) This case is **DISMISSED WITHOUT PREJUDICE.**

(4) The Clerk is directed to terminate all pending motions and deadlines, and thereafter **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of December, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE